Alex M. Cha, Esq. (Bar No. 208051)
Email: alex@alexchalaw.com
Sena Hori, Esq. (Bar No. 338636)
Email: sena@alexchalaw.com
LAW OFFICES OF ALEX CHA & ASSOCIATES
707 Wilshire Blvd. 46th Floor
Los Angeles, CA 90017
Tel. (213) 351-3513, Fax (213) 351-3514

Melvin L. Chung, Esq. (Bar No. 189519)
Email: mel@huffinechung.com
HUFFINE CHUNG, LLP
2202 S. Figueroa St., #356
Los Angeles, CA 90007
Tel.: (714) 225-9888, Fax (213) 577-2234

Attorneys for Plaintiff BLUPRINT CLOTHING CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>POTPOURRI GROUP, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND VICARIOUS COPYRIGHT INFRINGEMENT.**<br><br>**Jury Trial Demanded** |

Plaintiff BLUPRINT CLOTHING CORP. ("Plaintiff" or "BLUPRINT"), complains, alleges, and prays to this honorable Court for relief based on the following:

/ / /

/ / /

# INTRODUCTION

Plaintiff owns the copyrights to three (3) two-dimensional artworks for textile fabric prints (the "Designs"). The copyrights are registered with the United States Copyright Office. Defendants have copied, produced and/or sold at least three styles of clothing products from Plaintiff's Designs without Plaintiff's authorization. Plaintiff alleges on information and belief that Defendants continue to produce and/or sell the infringing products. This action is necessary to enjoin Defendants from further unauthorized use of the Designs, and to recover Plaintiff's damages.

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect statutory damages up to $150,000.00 for each instance of willful infringement. Because there are at least 3 instances of infringement known at this time, Plaintiff's current statutory damages are $450,000.00. Plaintiff also seeks recovery of its attorney's fees and costs pursuant to 17 U.S.C. § 505.

# JURISDICTION AND VENUE

1. This action arises under the Copyright Act, 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3. This Court has personal jurisdiction over Defendants because they transact substantial business with and within the State of California.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because Defendants have significant contacts within this judicial district.

5. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.

6. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c), because the Defendants are subject to this Court's personal jurisdiction.

## THE PARTIES

7. Plaintiff BLUPRINT is a California corporation with its place of business at 6013 Randolph Street, Commerce, California 90040. Plaintiff creates, designs, manufactures, and sells printed textile designs and women's apparel throughout the United States and within this judicial district. Plaintiff invests considerable resources and effort to design and develop unique, original print designs for women's clothing.

8. Plaintiff is informed, believes, and thereon alleges that Defendants POTPURRI GROUP, INC. are a Massachusetts corporation ("Defendants" or "POTPOURRI"), located at 101 Billerica Ave., Bldg. 2, No. Billerica, MA 01862, with their agent for service of process as Corporation Service Company, 84 State Street, Boston, MA 02109. Defendants produce, distribute and/or sell women's clothing throughout the United States under various brand names including SERENGETI, NORTH STYLE, and THE PYRAMID COLLECTION. Defendants sell products on their shopping website serengetifashions.com, and also have a company website potpourrigroup.com.

9. Because Defendants sell women's apparel products throughout the United States, including within this judicial district, Defendants are a competitor of Plaintiff in the women's clothing category.

10. Plaintiff alleges, on information and belief, that defendants named as DOES 1 through 10, inclusive, are parties not yet identified who infringed Plaintiff's copyrights, contributed to the infringement of Plaintiff's copyrights, or engaged in one or more of the wrongful acts alleged herein. The true names of defendants DOES 1 through 10 are presently unknown to Plaintiff, so Plaintiff sues said defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when ascertained.

11. Plaintiff alleges, on information and belief, that at all times relevant to the claims in this action, each Defendant was an agent, affiliate, partner, joint venturer, principal, officer, director, employee, and/or alter-ego of the other Defendant and was at all times acting within the scope of such alter-ego relationship or employment, and participated in, ratified, or adopted the wrongful conduct alleged, with knowledge of the facts including, but not limited to, actual or constructive knowledge that Plaintiff's copyrights were infringed or being violated.

/ / /

/ / /

/ / /

/ / /

## PLAINTIFF'S COPYRIGHTS

12. Plaintiff owns copyrights to three (3) two-dimensional artworks of textile print designs ("Designs") that are registered with the U.S. Copyright Office:

| Design No. | Title | U.S. Copyright Registration |
|---|---|---|
| 1 | BP4652B | VA2308320 |
| 2 | BPSTUDIO1587 | VAU1405291 |
| 3 | 4492 | VA2165955 |

13. Plaintiff's registered copyrights are prima facie evidence of ownership. As the owner, Plaintiff has the exclusive rights to reproduce the Designs, prepare derivative works, and distribute copies for a commercial purpose. (17 U.S.C. § 106)

## ACCESS TO THE DESIGNS

14. Prior to Defendants' infringing conduct alleged herein, Plaintiff showed the Designs, in the normal course of business, to persons in the textile and apparel industry, sales representatives, buyers, potential customers, and fabric printers by providing samples, artwork, or images of the Designs. The Designs are shown to buyers, sales representatives, wholesalers, retailers, or showrooms, and Plaintiff's artwork samples are disseminated through regional or national market channels.

15. Plaintiff alleges on information and belief that Defendants gained access to the Designs and began producing products featuring copies of the Designs that are virtually identical or substantially similar to Plaintiff's Designs. Defendants did so without Plaintiff's knowledge or authorization.

16. Defendants' unauthorized products were featured and sold through their sales channels, including but not limited to internet websites, and other wholesale and/or retail channels on a national level. Plaintiff discovered Defendants' unlawful copies through industry channels, online shopping websites, or retail stores where the infringing products were being sold to the public under brand names such as SERENGETI, which were being promoted by Defendants.

17. Plaintiff alleges on information and belief that Defendants began producing or selling the unauthorized copies over a 3-year period beginning as early as year 2020 and as recently as April 2023, although the actual period may be longer. Plaintiff believes that Defendants have not stopped offering the unauthorized copies for sale. Because the full scope and extent of Defendants' infringing conduct are unknown to Plaintiff at this time, Plaintiff will seek leave to amend its Complaint accordingly as further facts are discovered.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COPYRIGHT INFRINGEMENT OF DESIGN NO. 1**

18. Plaintiff owns the copyrights to Design No. 1, U.S. Copyright Registration No. VA2308320, Titled BP4652B.

19. Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

20. Defendants did so without Plaintiff's authorization, and sold unauthorized copies labeled under the "Serengeti" brand name. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 1 | BP4652B | Sold as "Serengeti" brand |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 2

21. Plaintiff owns the copyrights to Design No. 2, U.S. Copyright Registration No. VAU1405291, Titled BPSTUDIO1587.

22. Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

23. Defendants did so without Plaintiff's authorization, and sold unauthorized copies labeled under the "Serengeti" brand name. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 2 | BPSTUDIO1587 | Sold as "Serengeti" brand |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 3

24. Plaintiff owns the copyrights to Design No. 3, U.S. Copyright Registration No. VA2165955, Titled 4492.

25. Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.

26. Defendants did so without Plaintiff's authorization, and sold unauthorized copies labeled under the "Serengeti" brand name. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
| --- | --- | --- |
| 3 | 4492 | Sold as "Serengeti" brand |

# FIRST CLAIM FOR RELIEF

## Copyright Infringement

27. Plaintiff repeats, realleges, and incorporates by reference herein all allegations asserted in the preceding paragraphs of this Complaint as though specifically pleaded herein.

28. Pursuant to 17 U.S.C. § 106, Plaintiff was the exclusive owner of the subject copyrights at all times relevant to the claims asserted in this Complaint.

29. Defendants had access to Plaintiff's Designs prior to or contemporaneously with Defendants' infringing conduct as described above.

30. Defendants infringed Plaintiff's copyrights by knowingly and willfully copying, replicating, and/or manipulating Plaintiff's Designs to produce, distribute, and/or sell products featuring fabric designs that are virtually identical or substantially similar to Plaintiff's Designs. Defendants did so without Plaintiff's authorization, and without proper legal justification or excuse.

31. Plaintiff is entitled to recover actual damages and disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504(b). Plaintiff does not know the total of Defendants' profits at this time, Plaintiff will prove its damages at trial. In lieu of actual damages, Plaintiff may elect statutory damages of $30,000.00 per infringement, for a total of Ninety Thousand Dollars ($90,000.00) for the three (3) counts of infringement as provided by 17 U.S.C. § 504(c)(1).

/ / /

32. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff may elect statutory damages of $150,000.00 for each willful infringement. Because Defendants had access to the Designs, produced and sold products that were substantially similar to Plaintiff's Designs, and failed to cease and desist from those unlawful activities, Defendants engaged in willful infringement. Plaintiff's statutory damages for three instances of willful infringements known at this time are no less than Four Hundred Fifty Thousand Dollars ($450,000.00).  Plaintiff will make its election within the time permitted.

## SECOND CLAIM FOR RELIEF

### Vicarious Copyright Infringement

33. Plaintiff repeats, realleges, and incorporates by reference herein all allegations asserted in the preceding paragraphs of this Complaint as though specifically pleaded herein.

34. Plaintiff is informed and believes and thereon alleges that Defendants willfully induced, participated in, or aided in and profited from the illegal copying of Plaintiff's Designs and the production, distribution and/or sale of products featuring fabric prints that are substantially similar to Plaintiff's Designs.

35. Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements because they had the opportunity, right, and ability to carry out, supervise and/or control the infringing conduct, and had a direct pecuniary interest in the infringing conduct.

36. As an actual and proximate result of Defendants' acts of vicarious infringement as alleged, Plaintiff suffered damages in an amount to be proven at trial.

37. Plaintiff is informed and believes, and alleges on such information and belief, that Defendants obtained profits, sales, and/or benefits they would not otherwise have obtained but for their infringement of Plaintiff's Designs. Plaintiff is entitled to disgorgement of Defendants' profits that are attributable to their infringement of Plaintiff's Designs in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

38. In lieu of actual damages and upon Plaintiff's election, Plaintiff may elect statutory damages of $30,000.00 per infringement, or no less than Ninety Thousand Dollars ($90,000.00) for three (3) counts of infringement, as provided by 17 U.S.C. § 504(c)(1).

39. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff may elect statutory damages of $150,000.00 for each willful infringement. Because Defendants had access to the Designs, produced and/or sold items substantially similar to the Designs, and failed to cease and desist, Defendant's engaged in willful infringement. Plaintiff's total statutory damages for three (3) counts of infringement known at this time are Four Hundred Fifty Thousand Dollars ($450,000.00) pursuant to 17 U.S.C. § 504(c)(2). Plaintiff will make its election of damages within the time permitted.

/ / /

/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(1) Preliminary injunction to enjoin Defendants from copying Plaintiff's Designs and from selling items that are substantially similar to the Designs;

(2) Permanent injunction to enjoin Defendants from copying Plaintiff's Designs to manufacture, distribute, or sell clothing products having fabric prints that are substantially similar to Plaintiff's Designs;

(3) Order directing Defendants to provide Plaintiff and this Court with an accounting of Defendant's gross sales and profits garnered from the production and sale of products that infringed on Plaintiff's copyrights, i.e., the Defendants' products exhibited in this action, plus Defendants' production and inventory records of the infringing products over the past five years;

(4) For each willful infringement of the three Designs, statutory damages pursuant to 17 U.S.C. § 504(c)(2), upon election by Plaintiff, of $150,000.00 for each willful infringement, for a total not less than $450,000.00;

(5) For each non-willful infringement, statutory damages pursuant to 17 U.S.C. § 504(c)(1) of $30,000.00 for each infringement, for a total not less than $90,000.00; alternatively, if Plaintiff's actual damages and lost profits are greater than statutory damages, award of Plaintiff's actual damages and disgorgement of Defendants' profits pursuant to 17 U.S.C. § 504(b) according to proof at trial;

    (6) Award of pre-judgment/post-judgment interest of 10% per annum, or the legal rate allowed by this Court;

    (7) Award of attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

    (8) For such further relief the Court deems just and proper.

Jury trial is demanded on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

    Respectfully submitted,

LAW OFFICES OF ALEX CHA & ASSOCIATES

May ___, 2023   /s/ *Alex Cha*
Alex M. Cha
Attorneys for Plaintiff
BLUPRINT CLOTHING CORP.

HUFFINE CHUNG, LLP

May ___, 2023   /s/ *Melvin L. Chung*
Melvin L. Chung
Attorneys for Plaintiff
BLUPRINT CLOTHING CORP.