Elliott J. Stein (SBN119153)
elliott.stein@stevenslee.com
Mark H. Anania (*pro hac vice* to be applied)
mark.anania@stevenslee.com
**STEVENS & LEE**
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, New Jersey 08648
Telephone: (609) 987-7050
Facsimile: (610) 371-8506

Of Counsel
Kirk Teska (admitted *pro hac vice*)
kirk@itclaw.com
**IANDIORIO TESKA & COLEMAN, LLP**
200 Lake Street, Unit 302B
Peabody, MA 01960
Telephone: (781) 890-5678

*Attorneys for Potpourri Group, Inc.*

Alex M. Cha
Sena Hori
LAW OFFICES OF ALEX CHA & ASSOCIATES
707 Wilshire Blvd. 46th Floor
Los Angeles, CA 90017
Telephone: (213) 351-3513
alex@alexchalaw.com
sena@alexchalaw.com

Melvin L. Chung
HUFFINE CHUNG, LLP
2202 S. Figueroa St., #356
Los Angeles, CA 90007
Telephone: (714) 225-9888
mel@huffinechung.com

*Attorneys for Plaintiff Bluprint Clothing Corp.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> POTPOURRI GROUP, INC., a Delaware corporation, <br> Defendant. | Case No.:  2:23-cv-04230-HDV-JC <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **[CHANGES MADE BY COURT TO PARAGRAPHS 3, 8, & 9(c)]** |

## 1.    <u>GENERAL</u>

1.1.    <u>Purposes and Limitations</u>.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2.    <u>Good Cause Statement</u>.    This action is likely to involve trade secrets, confidential agreements, non-public, highly sensitive financial information regarding revenues, expenses, and profits generated in connection with the copyrights at issue, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  This action is also likely to involve non-public drafts of agreements and other business arrangements which, if disclosed, may cause competitive harm to the parties in this action, and for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, vendor information, confidential business or financial information, information regarding confidential business practices, or other confidential research, marketing, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal

STIPULATED PROTECTIVE ORDER

statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.     **DEFINITIONS**

2.1.    Action:   the above-captioned lawsuit, titled *Bluprint Clothing Corp. v. Potpourri Group, Inc.* and filed in the United States District Court, Central District of California, Case No. 2:23-cv-04230-HDV-JC.

2.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and for which the designating party has a good faith and reasonable belief contains competitively sensitive or proprietary information, and could cause competitive or personal harm if disclosed to an unauthorized person.

2.5.    Counsel:  Outside Counsel of Record (as well as their support staff).

STIPULATED PROTECTIVE ORDER

2.6.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11.    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

STIPULATED PROTECTIVE ORDER

2.15.   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (<u>see</u>, <u>e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et <u>seq.</u>

6.3.    <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

STIPULATED PROTECTIVE ORDER

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action);

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters and their staff;

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    during their depositions, non-party witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A); (2) counsel for the Designating Party shall be informed that the witness will be shown such material before the designated information is shown to the witness, to give counsel for the Designating Party an opportunity to object, and (3) if an objection to showing the witness is made, the designated material shall not be shown to the witness until the Court rules on the objection.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

- 10 -
STIPULATED PROTECTIVE ORDER

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

STIPULATED PROTECTIVE ORDER

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any Discovery Material that a Party (the "Disclosing Party") thereafter claims should not have been produced or disclosed based on privilege or work-product protections ("Disclosed Privileged Information"), shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other proceeding—of any claim of attorney-client privilege, work-product immunity, or other privilege or immunity that the Disclosing Party would otherwise be entitled to assert with

respect to the Disclosed Privileged Information and its subject matter regardless of the circumstances of the production or disclosure. As set forth below, such Disclosed Privileged Information shall be returned to the Producing Party or destroyed upon request.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Any Party receiving materials that, on their face, appear to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this Section.

If a Disclosing Party notifies the Receiving Party of Disclosed Privileged Information, the Receiving Party shall, as soon as possible, but at most within seven (7) days (as calculated by Fed. R. Civ. P. 6): (a) return or destroy (or in the case of electronically stored information, delete) all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Disclosed Privileged Information) within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the Disclosed Privileged Information was provided—and (b) provide a certification to the Disclosing Party's Outside Counsel that all such Disclosed Privileged Information has been returned or destroyed. From the moment a Disclosing Party provides notice of production of Disclosed Privileged Information, a Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending a motion and further notice from the Court. For purposes of this Order, Disclosed Privileged Information that has been stored by the Receiving Party on a source of electronically stored information that is not reasonably accessible, such as backup

storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

## 12. **MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. **FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this

provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14.   VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  July 8, 2024               By:  /s/ Elliott J. Stein
                                        Elliott J. Stein

                                   Elliott J. Stein
                                   elliott.stein@stevenslee.com
                                   Mark H. Anania (*pro hac vice* to be applied)
                                   mark.anania@stevenslee.com
                                   STEVENS & LEE, P.C.
                                   Princeton Pike Corporate Center
                                   100 Lenox Drive, Suite 200
                                   Lawrenceville, New Jersey 08648
                                   Telephone: (609) 243-9111

                                   Kirk Teska (admitted pro hac vice)
                                   kirk@itclaw.com
                                   IANDIORIO TESKA & COLEMAN, LLP
                                   200 Lake Street, Unit 302B
                                   Peabody, MA 01960
                                   Telephone: (781) 890-5678

                                   *Attorneys for Potpourri Group, Inc.*

- 15 -

Dated:  July 8, 2024

By:  /s/ Alex M. Cha
     Alex M. Cha

Alex M. Cha
Sena Hori
LAW OFFICES OF ALEX CHA &
ASSOCIATES
707 Wilshire Blvd. 46th Floor
Los Angeles, CA 90017
Telephone: (213) 351-3513
alex@alexchalaw.com
sena@alexchalaw.com

Melvin L. Chung
HUFFINE CHUNG, LLP
2202 S. Figueroa St., #356
Los Angeles, CA 90007
Telephone: (714) 225-9888
mel@huffinechung.com

*Attorneys for Plaintiff Bluprint Clothing Corp.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED AS MODIFIED.**

DATED:  July 19, 2024.

                    _____/s/_____
                    Honorable Jacqueline Chooljian
                    UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on July 19, 2024 in the case of *Bluprint Clothing Corp. v. Potpourri Group, Inc.*, Case No. 2:23-cv-04230-HDV-JC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of  _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed: _____

Printed name:  _____

Signature:  _____

- 17 -

STIPULATED PROTECTIVE ORDER